**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| OMAR GAMEZ, | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:16-CV-1668-G-BH |
| | ) | No. 3:13-CR-0201-G |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

## I. BACKGROUND

Omar Gamez (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-201-G. The respondent is the United States of America (Government).

On June 4, 2013, Movant was charged by indictment with being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(2) (count one) and illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a) (count two). (*See* doc. 1.)[1] He pled guilty on August 14, 2013. (*See* doc. 16.)

On October 17, 2013, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2012 United States Sentencing Guidelines Manual (USSG). (*See* doc. 19-1 at 7, ¶ 26.) The offenses were grouped under USSG § 3D1.2, and the base offense level under USSG § 2K2.1(a)(6)(A) was 14. (*See id*. at 7, ¶ 28; 8, ¶ 29.) Four offense levels were added under

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-201-G.

USSG § 2K2.1(b)(4)(B) because the serial number of the firearm had been filed down and partially obliterated. (*See id*. at 8, ¶ 30.) Four levels were added under USSG § 2K2.1(b)(6)(B) because Movant possessed a firearm and ammunition while evading arrest or detention in a motor vehicle, which was a felony. (*See id*., ¶ 31.) Two levels were added under USSG § 3C1.2 because he created a substantial risk of death or serious bodily injury to another person when he attempted to evade law enforcement by driving his vehicle in excess of 100 miles per hour in the wrong direction on a public street. (*See id*., ¶ 34.) Two levels were reduced for acceptance of responsibility, resulting in a total offense level of 22. (*See id*., ¶¶ 37, 38.) His criminal history category was three, and the resulting guideline range was 51-63 months of imprisonment. (*See id*. at 13, ¶ 66.)

At the sentencing hearing on December 4, 2013, the Court granted an additional one-level reduction for acceptance of responsibility. (*See* docs. 25, 27 at 3.) It sentenced Movant to 49 months' imprisonment for count one and 24 months' imprisonment for count two. (*See* doc. 26.) He did not appeal.

In his motion to vacate, Movant contends that a sentencing guideline that increased his offense level was unconstitutionally vague in light of *Johnson* and *Welch*. (3:16-CV-1668-G, docs. 1 at 4; 3 at 1-5.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.

1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. *JOHNSON* CLAIM

Movant contends that a sentencing guideline that increased his sentence was unconstitutionally vague under *Johnson v. United States*, 135 S.Ct. 2551 (2015). His claim lacks merit.

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

*Johnson* does not apply to Movant because he was not sentenced under the ACCA. He does

not specify a particular sentencing guideline that he claims was unconstitutionally vague. His conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989). Moreover, the sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017). He is not entitled to relief on his claim.

## IV. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 10th day of October, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE